IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINDA SUCHANEK, )
)
    Plaintiff, ) Case No. 3:11-cv-00565-DRH -PMF
)
v. )
)
STURM FOODS, INC., )
SERVE AT: )
Sturm Foods, Inc. Corporate Headquarters )
215 Center Street )
Manawa, WI 54949 )
)
TREEHOUSE FOODS, INC., )
SERVE AT: )
C.T. CORPORATION SYSTEM )
208 South LaSalle Street, Suite 814 )
Chicago, IL 60604 )
)
    Defendants. )
)

## CLASS ACTION COMPLAINT

Comes now the Plaintiff, Linda Suchanek, on her behalf and behalf of others similarly situated, by and through counsel, who alleges as follows:

## THE PARTIES

1. Plaintiff, Linda Suchanek is resident of the State of Illinois who currently lives in the County of St. Clair.

2. Defendant, Sturm Foods, Inc. ("Sturm") is a Wisconsin corporation with a place of business at 1215 Center Street, Manawa, Wisconsin. Sturm is a privately held company that manufactures dry groceries under private label brands, such as Grove Square, and distributes them to the foodservice industry and grocery suppliers throughout the world. On December 1,

2009, it was announced that Treehouse Foods, Inc. ("Treehouse"), which is headquartered in Illinois, purchased Sturm.

3. Defendant, Treehouse is a Delaware corporation doing business in the State of Illinois and is the owner of Defendant, Sturm. Treehouse exerts absolute control over its wholly owned subsidiary Sturm.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the Class Action fairness Act, 28 USCA § 1332, because the amount in controversy exceeds $5,000,000 and the Plaintiff is a citizen of a State different from defendant Sturm. Venue is proper in this Court because Plaintiff resides in this judicial district, purchased the product at issue in this judicial district, and defendant Sturm does business in this District on a continuous and ongoing basis. In addition, Treehouse, the parent company of Defendant Sturm, is also located in this judicial district. This Court has personal jurisdiction over Defendant pursuant to the Illinois Long Arm Statute, 735 ILCS 5/2-209, and the United States Constitution as (i) business transactions and tortious conduct at issue occurred within the State of Illinois, (ii) Defendant is and has at all pertinent times conducted continuous and systematic business within the State of Illinois, and (iii) Defendant has purposefully and knowingly injected its product into the stream of commerce with the intent that they be bought and sold within the State of Illinois. Accordingly, this Court can assert personal jurisdiction over Defendant Sturm without offending traditional notions of fair play and justice.

## STATEMENT OF FACTS

5. Keurig, Inc. is a corporation that manufactures a line of single-serve coffee machines under the "Keurig" brand name along with the corresponding coffee filled cartridges

for use in those machines. These single-serve coffee brewing systems allow users to enjoy freshly brewed coffee one cup at a time while eliminating the inconvenience of grinding beans, measuring coffee and handling messy filters.

6. These systems generally rely on pre-packaged servings of coffee in individual serving sizes that integrate the ground coffee bean and filter into one unit. In Keurig's products, these cartridges, known as "K-Cups," consist of a sealed container with an internal filter and ground coffee.

7. In order to brew a fresh cup of coffee, consumers place a K-Cup in a receptacle at the top of a Keurig brewer and close the lid. As the lid is closed, needles puncture the top and the bottom of the cartridge. The user then selects the desired brewing parameters and within minutes hot water is forced into the cartridge from the top needle, through the coffee and filter, and exits the bottom needle into the user's cup.

8. Since October of 2010, Defendant Sturm has manufactured and sold cartridges for use in Keurig's machines under the "Grove Square" brand name. Sturm sells the grove Square product on-line through discountcoffee.com, through E-Bay, through Amazon.com, and other retailers.

9. In August 2010, Sturm began selling its Grove Square product in major retail stores including Big Lots and Wal-Mart. The product contains small text on the bottom left hand corner of the front of the package that reads "*For use by owners of Keurig coffee makers."

10. The packaging contains images of two Grove Square cartridges grouped together, one lying on its side to better illustrate its top, and one vertically oriented, surrounded by coffee beans. In addition, the package contains a sliding bar graph indicating whether the coffee inside is light, medium or dark roast. The top (or side) of the packaging reads as follows:

> Great Coffee. Plain and Simple.
>
> For Generations, Americans have appreciated a great cup of coffee. Long before it became complicated and grandiose, we savored it in neighborhoods coffee shops and diners where the atmosphere was friendly, and the coffee was simply fresh, hot, and delicious. Grove Square coffee recaptures this rich, traditional cup, and brings it home with single-serve convenience. Our lives might be more complicated now, but our coffee doesn't have to be. Grove Square coffee. It's one cup of coffee you'll feel right at home with, and it's right here in your neighborhood.

11. The back of the packaging has a "quality promise" that states "Grove Square coffee is made with some of the world's highest quality Arabica beans, roasted and ground to ensure peak flavor, then packaged to lock in optimum freshness."

12. Nowhere, however, does defendant state on its packaging that the cartridges' contents are instant coffee. Instant coffee is not freshly brewed coffee but rather dehydrated soluble powder that can be mixed with water to yield a coffee-like beverage. Through the statements, images and descriptions set forth on the packaging for its cartridges, defendant conveys the false impression that its instant coffee is actually fresh-brewed.

13. Defendant's false representation of the quality and nature of its single-serve instant coffee products deceive or tend to deceive consumers for single-serve beverage cartridges into buying defendant's product under the impression that Grove Square is freshly brewed coffee.

14. Plaintiff purchased the Grove Square product believing that the product was of the same kind and quality that he had purchased for his Keurig machine from Keurig or Keurig licensed companies. Plaintiff did not realize that Grove Square was not freshly brewed coffee but instead that it was instant coffee in the cup. If Plaintiff had known that the cartridge contained instant coffee, he would not have purchased the product.

## CLASS ALLEGATIONS

15. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself individually and the following class of persons: All individuals or entities who reside in the United States and who have purchased defendant's Grove Square product during the relevant time frame. Excluded from the Class are the Defendant Sturm, any person, firm, trust, corporation or other entity affiliated with Defendant Sturm, and members of the federal judiciary.

16. Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure ("FRCP"), the members of the Class are so numerous and geographically dispersed that joinder of all members is impracticable. On information and belief, plaintiff alleges that there are tens of thousands if not hundreds of thousands of Class members throughout the United States.

17. Pursuant to Rule 23(a)(2) F.R.C.P. common questions of law and fact exist as to all members of the Class. These common questions include, but are not limited to, whether:

(a) Defendant's packaging of the Grove Square product misled, or tended to mislead, consumers into believing that they purchased brewed coffee as opposed to instant coffee.

(b) Defendant misrepresented, concealed, omitted, and/or suppressed the true nature of its product from consumers;

(c) Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act;

(d) Defendant violated any applicable consumer fraud of the other 49 United States and its territories; and,

(e) Defendant has been unjustly enriched.

18. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, and fairness and equity than other available methods for the fair and efficient adjudication of this controversy.

19. Plaintiff's claim is typical of the claims of absent members of the Class and any applicable Subclasses.

20. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests that are antagonistic to the absent Class members. Plaintiff is represented by capable counsel that has experience regarding consumer fraud class actions.

21. Without the Class representation provided by Plaintiff, virtually no Class members will receive legal representation or redress for their injuries; Plaintiff and counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and Class counsel are aware of their fiduciary responsibilities to the class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

22. Class certification is appropriate under Rule 23(b)(2) FRCP with respect to plaintiff's demands for injunctive and declaratory relief against defendant because defendant has acted on grounds generally applicable to the Class as a whole. Therefore, the final injunctive and declaratory relief sought in this case is appropriate with respect to the Class and any applicable Subclasses as a whole.

23. Class certification is also appropriate under Rule 23(b)(3) FRCP with respect to plaintiff's demand for damages because common questions of fact or law will predominate in

determining the outcome of this litigation and because maintenance of the action as a class action is a superior manner in which to coordinate the litigation.

## COUNT ONE

### Violations of Illinois Unfair Practices Act

24. Plaintiff and members of the Class re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 22.

25. The Illinois Unfair Practices Act, 815 ILCS 505/2, *et seq.* prohibits a corporation from engaging in unfair or deceptive trade practices. The Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

26. This Count is brought on behalf of a sub-class consisting of those members of the class who are citizens of the State of Illinois and who purchased Defendant's Grove Square product as soon as it was released to the market in 2010 up through the date this action is certified. It is believed that this sub-class numbers in the thousands if not tens of thousands of people.

27. This Count is brought pursuant to the provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.

28. At all relevant times, Grove Square coffee has been available for purchase by consumers throughout the State of Illinois.

29. At all relevant times, Defendant Sturm has been engaged in advertising, offering for sale, selling and/or distributing Grove Square coffee directly or indirectly to the residents of the State of Illinois.

30. Plaintiff and the members of the sub-class have purchased Grove Square coffee for their own personal and/or household use.

31. At all relevant times, Defendant, in connection with its advertisements, offers for sale, sales and distribution of the Grove Square coffee, knowingly and purposefully misrepresented, concealed, omitted, and/or suppressed the material fact that it was selling instant coffee. Defendant intended that Plaintiff and the members of the putative sub-class would rely upon its misrepresentations, concealments, omissions and/or suppressions so that Plaintiff and the members of the putative sub-class would purchase the Grove Square coffee. Defendant's packaging of its Grove Square product makes false or misleading representations that the cartridges contain coffee that can be "fresh brewed" which tended to deceive, or deceived or misled, the consumers. In truth, the cartridges contain instant coffee, a coffee-like product.

32. As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and the members of the subclass have suffered economic damage.

33. Plaintiff and other consumers relied on the false or misleading packaging to their detriment.

34. As a result, plaintiff and other consumers have been injured by defendant's unlawful conduct.

## COUNT TWO

### Violation of Consumer Protection Statutes

35. Plaintiff and members of the Class re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 33.

36. This Count is brought on behalf of a sub-class consisting of those members of the class who are residents of the United States and its territories, and who purchased Defendant's Grove Square product as soon as it was released to the market in 2010 up through the date this action is certified. It is believed that this sub-class numbers in the tens of thousands if not hundreds of thousands of people.

37. Each State and the District of Columbia have enacted statutes to protect their consumers from deceptive, fraudulent and unconscionable trade and business practices.

38. This Count is brought pursuant to the provisions of all applicable State and territorial Consumer Fraud and/or Deceptive Trade Practices and/or Merchandising Practices Statutes.

39. At all relevant times, Grove Square coffee has been available for purchase by consumers throughout the whole United States and its territories.

40. At all relevant times, Defendant has been engaged in advertising, offering for sale, selling and/or distributing its Grove Square coffee directly or indirectly to the residents of the United States and its territories.

41. Plaintiff and the members of the putative sub-class have purchased Grove Square coffee for their own personal and/or household use.

42. At all relevant times, Defendant, in connection with its advertisements, offers for sale, sales and distribution of the Grove Square coffee, knowingly and purposefully misrepresented, concealed, omitted, and/or suppressed the material fact that it was selling instant coffee. Defendant intended that Plaintiff and the members of the putative sub-class would rely

upon its misrepresentations, concealments, omissions and/or suppressions so that Plaintiff and the members of the putative sub-class would purchase the Grove Square coffee. Defendant's packaging of its Grove Square product makes false or misleading representations that the cartridges contain coffee that can be "fresh brewed" which tended to deceive, or deceived or misled, the consumers. In truth, the cartridges contain instant coffee, a coffee-like product.

43. As a direct and proximate result of the aforesaid violations of the Applicable Consumer Fraud and/or Deceptive Business Practices and/or Merchandising Practices Act, Plaintiff and the members of the subclass have suffered economic damage.

44. Plaintiff and other consumers relied on the false or misleading packaging to their detriment.

45. As a result, plaintiff and other consumers have been injured by defendant's unlawful conduct.

## COUNT THREE

### Unjust Enrichment

46. Plaintiff and members of the Class re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 44.

47. Defendant Sturm has been unjustly enriched by selling nothing more than instant coffee to the plaintiff and members of the Class and Subclasses by passing the product off as fresh brewed coffee. By passing off its instant coffee as fresh brewed coffee, Defendant Sturm has been able to charge a higher price for its product than it otherwise would have been able to charge for instant coffee.

48. Sturm should be required to disgorge itself of its ill gotten gains.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for the following relief:

A. An order that this action may be maintained as a class action under Rules 23(b)(1)(A) or 23(b)(2) and/or 23(b)(3);

B. An order requiring defendant Strum Foods to pay plaintiff statutory damages under the Illinois Unfair Trade Practices Act and to pay class members actual damages with any such amount to include interest;

C. An order enjoining defendant from making any further false or misleading statements to plaintiff and members of the Class;

D. An award of attorneys' fees and expenses; and

E. Any other further or different relief to which the Plaintiff may be entitled.

Plaintiff respectfully demands a jury trial.

Respectfully submitted,

GORI, JULIAN & ASSOCIATES, P.C.


By: /s/ Randy L. Gori
Randy L. Gori, #6257394
Attorneys for Plaintiff
156 N. Main Street
Edwardsville, Il 62025
(618) 659-9833
(618) 659-9834 (Fax)