**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LINDA SUCHANEK and RICHARD McMANUS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 11-565-GPM<br>) |
| STURM FOODS, INC. and TREEHOUSE FOODS, INC., | ) Consolidated CIVIL NO. 11-889-GPM<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Upon the December 22, 2011 reassignment to the undersigned Judge, the Court reviewed the complaints in these consolidated cases to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."); *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986 ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam),

this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded. Plaintiffs have chosen the federal court for this class action claim, and must establish federal jurisdiction. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 447 (7th Cir. 2005).

Plaintiffs brings this consolidated action on their behalf and on behalf of a putative class pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332(d)(2). Section 1332(d) applies to class actions and § 1332(d)(2) gives the district courts "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000" and is a class action in which, applicable here, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). The class must also contain at least 100 members. 28 U.S.C. § 1332(d)(5)(B); *see also In re Safeco Insurance Company of America,* 585 F.3d 326, 330 (7th Cir. 2009). Here, Plaintiffs properly allege that the amount in controversy exceeds $5,000,000, and claim that there are "tens of thousands if not hundreds of thousands of Class members." However, Plaintiffs' allegations of the parties' citizenship are defective. The blanket assertion that 'Plaintiff's citizenship is different than the citizenship of at least one Defendant' is insufficient.

In Civil Case No. 11-889-GPM, Plaintiff Richard McManus identifies himself as a "resident of the State of Alabama" (No. 11-889-GPM, Doc. 1). An allegation of "residence" as opposed to "citizenship" is insufficient. *See Pollution Control Industries of America, Inc. v. Van Gundy,* 21 F.3d 152, 155 (7th Cir. 1994). Likewise, in lead Case No. 11-565-GPM, Plaintiff Linda Suchanek alleges only that she is a "resident of the State of Illinois" (No. 11-565-GPM, Doc. 2). Plaintiffs must adequately allege that they are *citizens* of minimally diverse states from Defendants in order for the Court to have subject matter jurisdiction.

In Case No. 11-565-GPM, Plaintiff Suchanek's complaint also fails to correctly allege the citizenship of either Defendant. To properly allege a corporation's citizenship under 28 U.S.C. § 1332, "[t]he state of incorporation and the principal place of business must be alleged in the complaint." *McMillan v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 845 n.10 (7th Cir. 2009); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). As to Defendant Sturm Foods, Inc., Plaintiff states only that Defendant "is a Wisconsin corporation with a place of business" in Wisconsin. Likewise, Defendant Treehouse Foods, Inc. is identified as "a Delaware corporation doing business in the State of Illinois." Each Defendant's *principal place of business* must be alleged in order to determine corporate citizenship and in order for the Court to confirm that minimal diversity exists.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiffs are **ORDERED** to file an **Amendment** to the Complaints (as opposed to an Amended Complaint) **on or before January 30, 2012**, to establish: (1) the citizenship of Plaintiffs; and (2) the corporate citizenship of Defendants. If Plaintiffs fails to file an Amendment to the Complaints in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that

the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.")

**IT IS SO ORDERED.**

DATED: January 12, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge