IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINDA SUCHANEK, RICHARD MCMANUS, CAROL CARR, PAULA GLADSTONE, EDNA AVAKIAN, CHARLES CARDILLO, BEN CAPPS, DEBORAH DIBENEDETTO, and CAROL J. RITCHIE, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL NO. 11-565-GPM |
| STURM FOODS, INC. and TREEHOUSE FOODS, INC., | ) ) ) ) ) ) | Consolidated Cases: 11-889-GPM 11-1035-GPM 11-1068-GPM 12-224-GPM |
| Defendants. | | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case alleges violations of the Alabama Deceptive Trade Practices Act, California Legal Remedies Act, California Business and Professions Code, New York Deceptive Act and Practices Law, New York False Advertising Law, South Carolina Unfair Trade Practices Act, New Jersey Fraud in Sales or Advertising of Merchandise Law, North Carolina Deceptive Trade Practices Act, and unjust enrichment against Defendants for their allegedly misrepresentative packaging of Grove Square individual coffee cartridges (Doc. 53). The action was brought on behalf of the following putative class:

> All persons or consumers that during the Class Period – from September of 2010, until and including the present who purchased in Alabama, California, Illinois, New Jersey, New York, North Carolina, South Carolina, and Tennessee Defendants' Grove Square Coffee ("GSQ") products. Excluded from the Class are: (a) Defendants' Board members or executive-level officers, including its

> attorneys; (b) persons or entities who purchased the GSQ primarily for resale; (c) retailers or re-sellers of the GSQ; (d) governmental entities; and (e) any consumer that already received a refund from Defendants.

(Doc. 99). After briefing and an in-court hearing, the Court denied certification of that class on August 26, 2013 (Doc. 138). Now before the Court is Plaintiffs' motion to reconsider that Order (Doc. 140). Defendants have filed a motion for summary judgment (Doc. 136). The motions have been fully briefed, and Defendants filed additional motions to exclude expert reports included in Plaintiffs' response to the motion for summary judgment (Docs. 149, 150).

Plaintiffs' Motion to Reconsider Class Certification

The crux of Plaintiffs' request for reconsideration is the Seventh Circuit Court of Appeal's opinion in *Butler v. Sears, Roebuck and Co.* (Doc. 140). 727 F.3d 796 (7th Cir. 2013). In *Butler*, plaintiffs sought to certify classes bringing breach-of-warranty claims for defective washing machines. *Id.* at 797. In finding class certification appropriate, Judge Posner wrote that common proof of damages amongst class members is not required to satisfy Rule 23(b):

> It would drive a stake through the heart of the class action device, in cases in which damages were sought rather than an injunction or a declaratory judgment, to require that every member of the class have identical damages…the fact that damages are not identical across all class members should not preclude class certification. Otherwise defendants would be able to escape liability for tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits.

*Id.* at 801. In *Butler* however, there was one "single, central, common issue of liability: whether the Sears washing machine was defective." *Id.* Here, as discussed in the Order denying class certification, the issue of liability requires individualized inquiry. The problem here is not that proof of damages requires looking at each individual class member, for as *Butler* makes clear, that does not preclude predominance. The problem with the proposed class here is that showing

reliance or causation—as required to establish liability—requires an investigation of each purchaser (Doc. 138, p. 24-25). That problem would remain regardless of any subclass division. Of *course* all the facts as between individual class members needn't be identical in order to satisfy Rule 23—that is not the standard the Court held Plaintiffs to (as Plaintiffs suggest in their motion Doc. 140, p. 15). But legal inquiries required to determine liability must predominate. They do not here. The Court has considered all of Plaintiffs' grounds for reconsideration of the Order denying class certification and holds with the reasoning and outcome of the Order. Plaintiffs' motion is **DENIED**.

Defendants' Motion for Summary Judgment

Defendants ask the Court to find that the Grove Square coffee packaging was not deceptive and did not injure Plaintiffs (Doc. 137, p. 6). Defendants also argue Plaintiffs cannot prove successful claims under the state fraud laws. To this end, Defendants march through each Plaintiff: Charles Cardillo did not read the packaging prior to purchase or rely on packaging when he chose the product; Linda Suchanek read the term "soluble" on the package and understood that term meant the product dissolved in water; Carol Carr purchased the product because of the price; Richard McManus did not read the packaging; Edna Avakian was not motivated to purchase the product because of any representation on the packaging; Carol Ritchie thought the product contained finely ground coffee, but her purchase was largely motivated by shelf placement; Deborah Dibenedetto also purchased the product because it was shelved near other individual coffee products and because of the price; Paula Gladstone thought the product packaging looked good and assumed it was ground coffee, not instant, because in part the package pictures an image of coffee beans; Benjamin Capps bought the product because he likes to try new

things (Doc. 137, p. 3-7).

Plaintiffs argue in response that Defendants have mischaracterized their rationales for purchase by cherry-picking statements from their depositions. According to Plaintiffs:

> Defendants attempt to focus the Court's attention on each purchasing decision of the individual consumer and thereby deflect the inquiry away from the central issue before the Court: under each states' consumer protection statute, from an objective standpoint of a reasonable consumer, is the packaging of the Grove Square Coffees…deceptive or misleading, or did it have the capacity, likelihood or tendency to mislead the public?

(Doc. 141, p. 1).

Therein lies Plaintiffs' problem. The Court believes that each Plaintiff does indeed need to show that *he or she* was deceived and that he or she suffered some injury from the misleading packaging. Linda Suchanek must show: some deceptive practice by Defendants; that Defendants intended her to rely on that deception; and that she incurred damages *proximately caused by* the deception. *See Avery v. State Farm Mut. Auto Ins. Co.,* 835 N.W.2d 801, 850 (Ill.2005). She understood the terms on the packaging and bought the product because of the price. Plaintiffs' basic complaint is that they were misled into purchasing instant coffee (Doc. 53, p. 3). Ms. Suchanek just was not misled by the packaging—she knew what soluble meant. Richard McManus must show *actual* deception by false advertising. *See Billions v. White & Stafford Furniture Co.,* 528 So.2d 878, 880 (Ala. Civ. App. 1988). Mr. McManus did not rely on the package when he decided to purchase. Carol Carr needn't prove reliance, but still must show Defendants' alleged deception proximately caused her injury. *See Cloud Nine, LLC v. Whaley,* 650 F.Supp.2d 798, 797-98 (E.D. Tenn. 2009). Ms. Carr stated that she was misled because the package was attractive and had a picture of an individual coffee "cup" on the box (Doc. 141, p. 8). But she did not read any of the text on the packaging. Paula Gladstone must also show that a

material deception caused her injury. *See Pelman v. McDonald's Corp.,* 396 F.3d 508, 511 (2d Cir. 2005). And while Ms. Gladstone may have "believed she was purchasing fresh ground with a filter", that belief was premised on the fact that the Grove Square cup can be used in a Keurig machine—which it can (Doc. 141, p. 7). Edna Avakian thought the product was ground coffee, not instant, because it could be used in a Keurig brewing machine (Doc. 141, p. 5), but she stated in her deposition that she was motivated by the price and her desire to try new products. She cannot prove the requisite causation or reliance. In their response brief, even Plaintiffs do not argue that the packaging motivated Charles Cardillo to purchase the product (Doc. 141, p. 4). The facts of Mr. Cardillo's purchase cannot support a state deception claim, as he is required to prove causation. *See Stutman v. Chem. Bank,* 731 N.E.2d 608, 611-12 (N.Y. 2000). Ben Capps must also show a causal relationship. S.C. Code Ann. § 39-5-140(a) (1985). Mr. Capps apparently only looked at certain information on the packaging (Doc. 141, p. 6). He saw, in part, a picture of whole beans and language stating the Grove Square coffee was made from Arabica beans. However, the indication that this particular individual coffee serving is soluble is also on the packaging. Further Mr. Capps emphasized he wanted to give try this product because it was a product he was unfamiliar with. No misrepresentation or material omission motivated his purchase or caused his harm. Deborah DiBenedetto must prove a direct correlation between Defendants' representation and her loss. *Heyert v. Taddese,* 2013 WL 3184626 at *13 (N.J.App. June 25, 2013). When she purchased Grove Square's product, Ms. DiBenedetto felt the coffee would be not-instant coffee because the package pictured an individual serving cup (Doc. 141, p. 6). Her belief that all individual serving cups, or "k-cups" contain only ground, versus micro-ground (instant) coffee, is both not accurate and not enough to show causation between

Defendants' packaging and her dissatisfaction with the product. In order to succeed on her claim, Carol Ritchie must prove she actually relied on the packages representations. *See Williams v. United Cmty. Bank,* 724 S.E.2d 543, 549 (N.C. Ct. App. 2012). Ms. Ritchie, however, stated that she purchased the product because it "looked pretty good"—not enough (Doc. 137, p. 10).

Summary Judgment is "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir. 2003) (internal quotation omitted). The Court must, and does, look at any evidence in the light most favorable to the Plaintiff here, but when Defendants point out that there is an absence of evidence to support the nonmoving party's case then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Plaintiffs have not shown evidence to support their claims.

That this Order is brief does not reflect a mere surface analysis of the motion for summary judgment. The Court has read all the papers. Further and importantly, these parties have been before the undersigned on this matter several times. The Court understands the claims and the facts presented and finds there are no genuine issues of material fact in dispute. The Court has seen the packaging at issue—Plaintiffs bring it to each hearing—and finds that it is not designed to mislead consumers. It says what it is. Judgment is proper as a matter of law because none of the Plaintiffs have shown their pecuniary loss was caused by Defendants' fraud, deceit, or mislabeling. The motion for summary judgment is **GRANTED**. The Court did read the expert reports to which Defendants objected, so the motions at Docs. 149 and 150 are **DENIED**—though those report excerpts were not dispositive**.** Judgment will enter for Defendants and this case closed on the Court's docket.

**IT IS SO ORDERED.**

**DATED**: November 20, 2013

                                                s/ *G. Patrick Murphy*
                                                G. PATRICK MURPHY
                                                United States District Judge