**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LINDA SUCHANEK, RICHARD MCMANUS, CAROL CARR, PAULA GLADSTONE, EDNA AVAKIAN, CHARLES CARDILLO, BEN CAPPS, DEBORAH DIBENEDETTO, and CAROL J. RITCHIE, et al. | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:11-cv-00565-NJR-PMF |
| v. | ) ) ) | Consolidated Cases: 3:11-00889-NJR-PMF |
| STURM FOODS, INC., and TREEHOUSE FOODS, INC., | ) ) ) ) | 3:11-01035- NJR-PMF 3:11-01068- NJR-PMF 3:12-00224- NJR-PMF |
| Defendants. | ) | |

**STIPULATION REGARDING CLASS CERTIFICATION BRIEFING AND JOINT STATUS REPORT IN RESPONSE TO THE COURT'S OCTOBER 8, 2014 ORDER**

COME NOW the parties in this matter and jointly respond to this Court's Order dated October 8, 2014 (Doc 179) as follows:

**I.     Class Certification Briefing**

1.     The parties are in agreement that they would like to submit new briefs on the issue of class certification in light of the Seventh Circuit's opinion and mandate. The parties are in further agreement that to the extent possible and unless the Court prefers otherwise, the Parties will refer to evidentiary material previously filed with the Court relating to class certification rather than resubmitting supporting evidence. The parties propose the following for the class certification briefing schedule: (1) Plaintiffs' Opening Brief due Tuesday, December 16, 2014; (2) Defendants' Response due Tuesday, January 27, 2015; and (3) Plaintiff's Reply due Tuesday, February 17, 2015.

4836-9652-5856.

**II.     Trial**

2. If Plaintiffs' motion for class certification is denied, the parties are in agreement as to a proposed pre-trial schedule as set forth in ¶¶ 3-4 and the chart below. The parties have been unable to reach agreement as to a proposed pre-trial schedule and trial plan in the event class certification is granted and provide their respective positions regarding post-certification procedures in ¶¶ 5-7, below. The parties, therefore, believe an in-person conference with the Court would be helpful and jointly request an in-person conference with the Court prior to the entry of a schedule to discuss the pretrial and trial proceedings necessary if one or more classes is certified.

3. In addition to class-certification briefing and a pre-trial schedule, Defendants' previously-filed motions to strike expert testimony have not been resolved on their merits. Defendants' first motion to strike the expert testimony of Bobby Calder (Dkt. 106) was denied as moot in view of Judge Murphy's denial of Plaintiffs' motion for class certification (Dkt. 139) and the second motions (Dkt. Nos. 149 and 150) rendered moot and denied in view of Judge Murphy's grant of Defendants' motion for summary judgment (Dkt. No. 161 at 6). These issues are now no longer moot and Defendants renew these motions. Defendants further state that these motions can be decided on the prior briefing, supplemented as necessary in the briefs regarding class certification. Likewise, Plaintiffs' Motion to Exclude the Testimony of Neal Roese (Dkt. 116) has not been ruled upon and remains pending.

4. If class certification is denied, the parties propose to exchange an Initial Pretrial Order, including proposed stipulated facts, witness lists, and exhibit lists, 60 days after the later of the denial of the motion for class certification and a decision on the Daubert motions. The parties further propose that Motions in Limine be due 30 days after the exchange of the Initial

Pretrial Order. Responses to the Motions in Limine would be due 14 days later. The Final Pretrial Order would be due to the Court 18 days after the filing of Motions in Limine (21 days prior to the Final Pretrial Conference). The Final Pretrial Conference would be held 3 days after the filing of the Final Pretrial Order. The presumptive trial month would begin 30 to 60 days after the Final Pretrial Conference. The parties' proposal is as follows:

| Action: | Timing: |
| --- | --- |
| Initial Pretrial Order | Exchange 60 days after denial of class certification and a decision on Daubert Motions |
| Motions in Limine | Filed 30 days after Exchange of Initial Pretrial Order |
| Motions in Limine Responses | Filed 14 days after filing of Motions in Limine |
| Final Pretrial Order | Submitted 18 days after filing of Motions in Limine |
| Final Pretrial Conference | Held 3 days after submission of Final Pretrial Order |
| Presumptive Trial Month | First day of presumptive trial month begins 30 to 60 days after the Final Pretrial Conference. |

5.      The parties disagree as to how common issues and individual issues relating to each class member should be resolved if class certification is granted. The parties' provide the below proposals.

6.      **Plaintiffs' Proposal**

   a.   If class certification is granted, Plaintiffs would request that the Court first enter an order setting forth a briefing scheduling relating to the Notice Plan that will be used to notify the class or subclasses of the pendency of

        the action and the right to opt-out of the lawsuit. Plaintiffs would also request the ability to conduct limited discovery from Defendants relating to additional sales of the Grove Square product as well as the ability to issue a subpoena to Symphony IRI Group which previously provided detailed sales data to Plaintiffs.

b.   After Notice had been provided, Plaintiffs would propose that the Court enter an order as contemplated by Rule 23(c)(4), bifurcating the matters for trial by concentrating the initial part of the trial on matters relating to common liability issues including whether the packaging was deceptive to a reasonable consumer, whether Defendant committed fraud by omission, whether Defendant's conduct was willful or intentional, and whether the Defendant had been unjustly enriched. Plaintiffs would also at this stage of the proceedings submit to the jury proof of class wide damages for each state that is certified based upon its applicable consumer fraud statute and other available remedies.

c.   If Plaintiffs did not succeed on the liability issues before a jury the trial would end. If Plaintiffs did succeed then they would envision that the Court could adopt a framework for consumers as contemplated by Rule 23(d)(1)(A), to submit individual claims to an administrator or special master whereby the consumer set forth by affidavit the necessary facts required to show his or her purchase and causation and reliance if required. See *Otero v. Dart,* 2014 U.S. Dist. LEXIS 121806 (N.D. Ill., Sept. 2, 2014) at * 26 ("Even if damages vary among class members, the Court may hold separate liability and damages trials or appoint a magistrate judge to preside over

individual damages proceedings. *Butler,* 727 F.3d at 798; *see also Arreola,* 546 F.3d at 801.")

7. **<u>Defendants' Proposal</u>**[1]

   a. The decision from the Court of Appeals for the Seventh Circuit contemplates a bifurcated resolution of class claims: (1) a first trial for common issues ("Common Issues Trial") and (2) if the named Plaintiffs prevail at the Common Issues Trial, later trials to resolve remaining individual issues necessary to determine liability (including causation and reliance), *see* 7th Cir. Slip Op. at 19, and damages as to each class member's claim ("Second Stage Trials"). Individual trials are required because liability cannot be determined without evidence of causation and/or reliance from individual class members. *Otero v. Dart*, which suggested bifurcation of liability from damages with trials of both before a judge, does not support resolution of liability issues by a claims administrator or special master. *See* 2014 U.S. Dist. LEXIS 121806, at *26.

   b. Discovery closed for purposes of deciding class certification prior to the Court's initial class certification decision. The only additional discovery that should be allowed is that related to new class members who are identified and provide evidence of reliance and causation. Defendants submit that any Second Stage Trials to determine if they have liability to any of the individual class members or should be ordered to pay any of

---

[1] Defendants make this proposal without waiver of, or prejudice to, any arguments that certification of a class in this case is not proper, including on the basis that resolution of claims as a class is not manageable.

     those individuals damages cannot be fully scheduled until it is determined how many such trials are required.

  c. If a class is certified and Plaintiffs' prevail at the Common Issue Trial, Defendants request a period of six (6) months for discovery relating to any newly identified class member's evidence of reliance and causation as required by the decision of the Seventh Circuit. *See* 7th Cir. Slip Op. at 19. Defendants propose three (3) months for identification of additional class members and three (3) months for Defendants' discovery of those class members.

  d. Defendants further state that a class-wide trial on unjust enrichment claims as to the class, "class wide damages" and state statutory damages as Plaintiffs suggest in ¶ 6.b. above is not possible because, among other things, such claims depend upon individual class member beliefs and decisions, *e.g.*, reliance and causation.

          Respectfully submitted,


          By: /s/Peter H. Burke
          Peter H. Burke

**OF COUNSEL:**

Peter H. Burke, Esq.
J. Allen Schreiber, Esq.
W. Todd Harvey, Esq.
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Telephone: (205) 930-9091
Facsimile: (205) 930-9054
E-Mail: pburke@burkeharvey.com

aschreiber@burkeharvey.com
tharvey@burkeharvey.com
*Attorneys for Plaintiffs Richard Mcmanus,*
*Edna Avakian, Charles Cardillo, Ben Capps,*
*Deborah Dibenedetto, and Carol J. Ritchie*

Patrick C. Cooper
James Ward
WARD & WILSON
2100A Southbridge Parkway, Suite 580
Birmingham, Al 35209
*Attorney for Plaintiff Edna Avakian*

Randy L. Gori
D. Todd Mathews
GORI, JULIAN AND ASSOC, P.C.
156 N. Main Street
Edwardsville, IL 62025
*Attorney for Plaintiff Linda Suchanek*

B. J. Wade
SKOUTERIS AND MAGEE, PLLC
Morgan Keegan Tower
50 N. Front Suite 920
Memphis, TN  38103
*Attorney for Plaintiff Carol Carr*

Michael H. Maizes
MAIZES & MAIZES LLP
2027 Williamsbridge Road, 2nd Floor
Bronz, NY 10461-1630
*Attorney for Plaintiff Paula Gladstone*

/s/  Craig Fochler
Craig Fochler

Foley & Lardner LLP
321 North Clark St., Suite 2800
Chicago, IL 60654-5313
Phone: (312) 832-5395
Fax: (312) 832-4700
cfochler@foley.com

Attorney for Sturm Foods, Inc. and
Treehouse Foods, Inc.