IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINDA SUCHANEK, RICHARD MCMANUS, CAROL CARR, PAULA GLADSTONE, EDNA AVAKIAN, CHARLES CARDILLO, BEN CAPPS, DEBORAH DIBENEDETTO, and CAROL J. RITCHIE, et al. | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 3:11-cv-00565-NJR-PMF |
| v. | ) ) | Consolidated Cases: 3:11-00889-NJR-PMF |
| STURM FOODS, INC., and TREEHOUSE FOODS, INC., | ) ) ) ) | 3:11-01035- NJR-PMF 3:11-01068- NJR-PMF 3:12-00224- NJR-PMF |
| Defendants. | ) | |

## PLAINTIFFS' RENEWED MOTION TO EXCLUDE THE "EXPERT" TESTIMONY OF NEAL ROESE

Come Now the Plaintiffs and file this Renewed Motion to exclude the "expert" testimony of Neal Roese and in support of this Motion state as follows:

1. Prof. Roese's report is nothing more than a summary of his version of plaintiffs' deposition testimony capped off with his expert "conclusion" that their testimony varies as to why they purchased the Grove Square product. Prof. Roese's report plainly violates *Fed. R. Evid.* 702. Prof Roese's report was previously submitted as Doc 116-1.

2. To be admissible, expert testimony must*, inter alia*, "assist the trier of fact to understand the evidence or to determine a fact in issue." *See Fed. R. Evid.* 702. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (en banc)   By contrast, expert testimony is properly excluded when it is not needed to clarify facts and issues of

common understanding which the trier of fact is able to comprehend. *See Summers v. UAL Corp.*, 2005 WL 2648670, at *3 (N.D. IL.2005) (" [t]he trier of fact is presumed to be able to think and reason on its own" and " [a]n expert is not employed in litigation to ' think' for the trier of fact" and that "an expert may only assist the trier of fact in its understanding of the facts and issues at hand"); *United States Gypsum Co. v. LaFarge North America Inc.*, 670 F.Supp.2d 748 (N.D. IL. 2009) ("The court finds Morton's opinion on this matter constitutes little more than unreliable speculation or regurgitation of facts that the jury could readily understand on its own. Morton's testimony on this matter will be excluded.") "[E]xpert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." 4 *Weinstein's Federal Evidence* § 702.03[2] [a]).

3. According to his report, Prof. Roese was asked to determine "whether there was a uniform or typical consumer decision across consumers who have purchased Grove Square coffee, or whether there exists significant variation in this consumer decision process." (Report at p. 1.) He identified three elements of his "analytic framework" - - attention, attitude and interpretation. Remarkably, Prof. Rouse's analysis of each element is little more than a regurgitation of the different Plaintiffs' deposition testimony.

4. For example, nowhere does Prof. Roese's report take into account the views of any purchaser of the Grove Square product apart from what he read in plaintiffs' deposition transcripts. Nowhere does the report show or indicate that Prof. Roese interviewed a single actual or potential purchaser of the Grove Square product. Nowhere does the report show any analysis of the consumer decision-making process for the Grove Square product, other than his recital back to the Court of what he read in Plaintiffs' deposition transcripts. Yet, in the face of all this, Prof. Roese brazenly opines to the Court that "there is significant variation in the reasons

2

consumers decide to purchase Grove Square coffee, and accordingly no uniform or typical pattern would exist among consumers in their decision process of purchasing the Grove Square coffee product."[1] (Id.)

5. Prof. Roese's expert report and any testimony based on that report must be excluded. It does not assist the trier of fact. It is an inadmissible digest of Plaintiffs' deposition testimony that defendants have improperly labeled "expert report." The report also provides a false basis for Prof. Roese's opinion on consumer perceptions of the Grove Square product in that it is based only on his reading of the Plaintiffs' deposition transcripts. In fact, it is essentially nothing more than his "cherry picking" of deposition testimony to reach a predetermined outcome, a practice the Seventh Circuit frowns upon. See *Malin v. Hospira Inc., No. 13-2433,* 762 F.3d 552 (7th Cir. Aug. 7, 2014) (disapproving the practice of "repeatedly cherry-pick[ing] isolated phrases from [the plaintiff]'s deposition and claim[ing] that these 'admissions' doomed her case")

6. Moreover, in *Apple v. Motorola*, 2012 U.S. Dist. LEXIS 105387 (N.D.Ill. May 22, 2012), Judge Posner, sitting by special designation, found fact testimony of an expert to be inadmissible under *Daubert*. He explained: "Wagner's proposed testimony that the infringing notification window cost Motorola $67,000 to develop is not expert testimony but fact testimony. The special limitations that Rule 26(a)(2) places on expert testimony are not intended for a witness who merely testifies that his company spent $x to make something. It also is not the best evidence of that fact, if it is a fact . . .As for Wagner's report of his conversation with Cooper, it

---

[1] Of course, the underlying premise of Roese's "opinion" is simply irrelevant to whether the Grove Square Coffees ("GSCs") were marketed in a misleading way to Keurig coffee consumers or whether a reasonable Keurig coffee consumer would be misled as to the nature and composition of the GSCs. In fact, given that Defendants performed marketing studies showing that Keurig coffee consumers thought they were purchasing a premium product and had very little brand loyalty, they constituted a group that was especially susceptible to being duped.

is, like the $67,000 figure, a mere echo of another witness. . .The inadequacy of Wagner's proposed testimony compels me to exclude it." Id. at * 21-22.

7.     Likewise, in this action, Roese's expert report is comprised of little other than his recitation of fact testimony from other witnesses, or the mere echo of other witnesses. The jury, as the trier of fact, can hear this testimony during trial and Roese's recitation of it adds nothing. Accordingly, his report should be stricken.

8.     Moreover, since Plaintiffs originally filed their motion to exclude Roese's expert report, the Seventh Circuit has issued its opinion in *Suchanek v. Sturm*, 764 F.3d 750, 762 (7th Cir. 2014), reversing the district court's granting of summary judgment in favor of the Defendants on each of the Plaintiffs' consumer fraud claims, explaining:

> Our *de novo* review of the summary judgment record satisfies us that there are genuine questions of material fact in each of the individual cases whether the GSC packaging was likely to mislead a reasonable consumer. Sturm consciously avoided use of the term "instant" and designed the package to resemble Keurig products; several of the plaintiffs testified that they were misled; the packaging contained numerous statements that implied the product was premium fresh (*i.e.* unbrewed) coffee; and the package did not explain that it was little more than instant coffee. At least three independent expert surveys, all employing different methodologies, found that consumers were confused about the product. <u>A jury should have decided the question whether the packaging was likely to mislead reasonable consumers</u>. (underline added)

9.     Finally, as the Seventh Circuit opinion states, the relevant inquiry is an objective one, whether the packaging was misleading to a reasonable consumer, and therefore, simply restating the deposition testimony of the individual Plaintiffs regarding their purchase decision is not irrelevant but also misleading.

For all the foregoing reasons, the Court should exclude the testimony of Neal Roese.

Respectfully submitted,

By:     /s/ Peter H. Burke            
Peter H. Burke, Esq.

4

**OF COUNSEL:**
J. Allen Schreiber, Esq.
W. Todd Harvey, Esq.
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Telephone: (205) 930-9091
Facsimile: (205) 930-9054
E-Mail: pburke@burkeharvey.com
aschreiber@burkeharvey.com
tharvey@burkeharvey.com
*Attorneys for Plaintiffs Richard Mcmanus, Edna Avakian, Charles Cardillo, Ben Capps, Deborah Dibenedetto, and Carol J. Ritchie*

Patrick C. Cooper
James Ward
WARD & WILSON
2100A Southbridge Parkway, Suite 580
Birmingham, Al 35209
*Attorney for Plaintiff Edna Avakian*

Randy L. Gori
D. Todd Mathews
GORI, JULIAN AND ASSOC, P.C.
156 N. Main Street
Edwardsville, IL 62025
*Attorney for Plaintiff Linda Suchanek*

B. J. Wade
SKOUTERIS AND MAGEE, PLLC
Morgan Keegan Tower
50 N. Front Suite 920
Memphis, TN 38103
*Attorney for Plaintiff Carol Carr*

Michael H. Maizes
MAIZES & MAIZES LLP
2027 Williamsbridge Road, 2nd Floor
Bronx, NY 10461-1630
*Attorney for Plaintiff Paula Gladstone*

## CERTIFICATE OF SERVICE

    I do hereby certify that on the 17th day of February, 2015, I served the foregoing via the Court's CM/ECF which will send notification to the following:

Craig Fochler
Rebecca R. Hanson
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
*Attorneys for Defendants Sturm Foods, Inc.*
*and TreeHouse Foods, Inc.*

                                              /s/ Peter H. Burke\_
                                              Of Counsel