IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA SUCHANEK, RICHARD MCMANUS, CAROL CARR, PAULA GLADSTONE, EDNA AVAKIAN, CHARLES CARDILLO, BEN CAPPS, DEBORAH DIBENEDETTO, AND CAROL RITCHIE, <br><br>Plaintiffs,<br><br>vs.<br><br>STURM FOODS, INC., and TREEHOUSE FOODS, INC.,<br><br>Defendants. | Case No. 11-CV-565-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On July 3, 2018, the Court issued an order setting forth a proposed trial plan for this class action, in which Plaintiffs bring claims under consumer fraud statutes of eight different states (Doc. 334). Specifically, Plaintiffs argue Defendants used deceptive packaging to conceal the true nature of their coffee product.[1]

The Court initially envisioned dividing Plaintiffs into two groups to account for the two versions of the package (*Id.*). These two groups would then be divided into several subclasses, including a single subclass that encompassed Plaintiffs from Alabama, California, Illinois, New Jersey, and New York (*Id.* at p. 40). The Court also determined Plaintiffs are

---

[1] See the Court's previous Order at Doc. 334 for a more thorough factual and procedural background.

entitled to a rebuttable presumption of causation and reliance under the Alabama Deceptive Trade Practice Act ("ADTPA"), ALA. CODE § 8-19-5, if they show: (1) Defendants engaged in deceptive conduct; (2) a reasonable consumer would rely on the deception; (3) Plaintiffs purchased Defendants' products; and (4) Defendants widely disseminated the deception (*Id.* at p. 21). Similarly, the Court found Plaintiffs are entitled to a rebuttable presumption of causation, reliance, and injury under California's Consumers Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1750, where "the consumer shows the complained-of misrepresentation would have been material to any reasonable person . . ." (*Id.* at p. 21). Additionally, the Court found Plaintiff could prove causation and/or reliance on a class-wide basis under California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL"), CAL. CIV. CODE §§ 17200 & 17500, and the consumer fraud statutes from Illinois ("ICFA"), 815 ILCS 505/1, New Jersey ("NJCFA"), N.J. STAT. ANN. § 56:8-1, New York, N.Y. GEN. BUS. LAW §§ 349 & 350, and North Carolina ("NCUTPA"), N.C. GEN. STAT. § 75-1.1. The parties concurred that individual proof is necessary to show causation under the Tennessee Consumer Protection Act ("TCPA"), T.C.A. § 47-18-104, and South Carolina's Uniform Trade Practices Act ("SCUTPA), S.C. CODE ANN. § 39-5-20.

    Defendants responded to the Court's Order, raising the following concerns (Doc. 337). First, Defendants assert the multi-state subclass would intermingle evidence from different states and blur the distinctions between the different statutes. Defendants propose creating a separate subclass for each state. Second, Defendants seek clarification on whether they can rebut the presumptions of causation and/or reliance under the laws of each state. Plaintiffs did not respond to Defendants' submission.

The Court has no issue breaking apart the proposed multi-state subclass, to avoid the potential issues raised by Defendants. Thus, Plaintiffs will be organized into nine different subclasses under each version of the package. The nine subclasses include Plaintiffs bringing claims under:

- the ADTPA ("Subclass A");
- the CLRA ("Subclass B");
- the ICFA ("Subclass C");
- the NJCFA ("Subclass D");
- N.Y. GBL §§ 349 and 350 ("Subclass E");
- the TCPA ("Subclass F");
- the SCUTPA ("Subclass G");
- the NCUTPA ("Subclass H"); and
- and the UCL/FAL ("Subclass I").

Moreover, consistent with the Rules Enabling Act and Defendants' due process rights, Defendants may introduce evidence to rebut any presumption of class-wide liability. *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense."); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) (where the Supreme Court rejected a formulaic trial plan to determine liability using a sample of class members, stating, "Because the Rules Enabling Act forbids interpreting Rule 23 to abridge, enlarge or modify any substantive right, a class cannot be certified on the premise that Wal-Mart will not be entitled to litigate its statutory defenses to individual claims." (internal quotations and citations omitted)); *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013) ("A defendant in a class action has a due process right to raise individual challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues.").

Finally, the Court has Seventh Amendment concerns with the current trial plan that require restructuring. Under the Seventh Amendment's Reexamination Clause, "the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII. The Court originally proposed utilizing two juries, with the second jury to hear individual questions of ascertainable loss, proximate cause, and damages for plaintiffs from Tennessee and South Carolina. To avoid the possibility of two juries determining the same or similar issues, however, the Court believes one jury should hear the entirety of the evidence, in a single trial. Following trial, the Court will make determinations for the California equitable claims and the NCUTPA claims, based on the jury's verdict. *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1231 (7th Cir. 1995) ("[A] judge who makes equitable determinations in a case in which the plaintiff's legal claims have been tried to a jury is bound by any factual findings made or inescapably implied by the jury's verdict . . .").

The Court invites the parties to respond to the new trial plan before noon on **January 7, 2019**.

**IT IS SO ORDERED.**

**DATED: January 2, 2019**

 

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**