# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA SUCHANEK, et. al., individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 3:11-cv-00565-NJR-RJD |
| v. | )<br>)<br>) |
| STURM FOODS, INC., and TREEHOUSE FOODS, INC., | )<br>)<br>) |
| Defendants. | ) |

_____

## PLAINTIFFS MOTION FOR PRELIMINARY APPROVAL
## OF CLASS SETTLEMENT
_____

The Plaintiffs respectfully file this Motion under Rule 23(e) of the Federal Rules of Civil Procedure for preliminary approval of a Class Settlement.

1.  These consolidated class action complaints allege that Defendants, Sturm Foods, Inc. and Treehouse Foods, Inc. violated the consumer protection laws of eight states by selling their Grove Square Coffees ("GSCs") to Keurig consumers. Plaintiffs alleged, among other things, that the packaging of the GSCs was misleading or deceptive to a Keurig consumer acting reasonably under the circumstances. Defendants deny all wrong doing and contend the packaging of the GSCs was not misleading or deceptive.

2. On May 8, 2019, after four separate mediation sessions encompassing several years of arms-length negotiations, the parties accepted a mediator's proposal to end the litigation.

3. In June of 2019, the parties sought guidance from the Court on a few items where they could not reach consensus relating to the Proposed Plan of Allocation ("PPA") among class members and the wording for the Notices and Claim Forms. After the Court entered an order on those matters the parties continued to finalize their Settlement Agreement, which is attached hereto as Exhibit A.[1] The Plaintiffs now respectfully request that the Court grant preliminary approval to the Settlement Agreement.

3. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case. Preliminary approval of the Settlement is in the best interests of the Class Members and the members of each of the sub-classes. In return for a release of the Class Representatives' and Class Members' claims, Defendants have agreed to pay a sum of $25,000,000 into a Gross Settlement Fund with no right to reversion.  Notwithstanding, Defendants expressly deny and disclaim any wrongdoing, fault, or liability, and deny each and every claim asserted in this action.

---

[1] The Notices and Claim Form the Parties agreed to after receiving the Court's guidance are attached hereto as Exhibits "B," "C," and "D."

4. The purpose of preliminary approval is to determine whether the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

5. The Settlement reached between the Parties here more than satisfies this standard and is "within the range of possible approval" by the Court given the nature of the case and the result reached by the Parties. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

6. The Plaintiffs will be submitting to the Court a Memorandum in Support of this Motion for Preliminary Approval as well as a Proposed Order and memorandum granting approval.

WHEREFORE, the Plaintiffs request the following:

- That the Court grant preliminary approval to the Settlement Agreement;
- That the Court enter an Order granting its preliminary approval of the Settlement Agreement;[2]
- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, order such objections, if any, to be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the Parties the right to

---

2 Attached hereto as Exhibit "E" is a Proposed Memorandum and Order.

limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

• That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Parties' Settlement Agreement; and

• That following the Fairness Hearing, the Court enter an Order granting final approval of the Parties' Settlement, retaining jurisdiction to enforce the terms of the Settlement Agreement, and otherwise dismissing the consolidated complaints in this Action with prejudice.

Respectfully submitted,

By: */s/ Peter H. Burke*

**OF COUNSEL:**

Peter H. Burke
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Telephone: (205) 930-9091
Facsimile:  (205) 930-9054
E-Mail:  pburke@burkeharvey.com

Patrick C. Cooper
James Ward
WARD & COOPER
2100A Southbridge Parkway, Suite 580
Birmingham, AL 35209

J. Allen Schreiber
SCHREIBER LAW FIRM, P.C.
6 Office Park Circle
Suite 209
Birmingham, Alabama 35223
(205) 871-9140
allen@schreiber.law

D. Todd Mathews
Megan T. Myers
GORI, JULIAN AND ASSOC, P.C.
156 N. Main Street
Edwardsville, IL 62025

David M. Rosenberg-Wohl
Hershenson Rosenberg-Wohl
315 Montgomery Street, 8th Floor
San Francisco, CA 94104

Robert A. Fleury, Jr.
Brian L. Kinsley
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone:  (336) 333-9899
Facsimile:   (336) 333-9894

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2019, the foregoing was filed electronically with the Clerk of Court and served by operation of the Court's CM/ECF system on all counsel of record.

Craig Fochler
John F. Zabriskie
Jaclyne D. Wallace
Anne Marie Coghlan
Jonathan W. Garlough
Richard Spencer Montei
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313

/s/ Peter H. Burke