# EXHIBIT

# "E"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LINDA SUCHANEK, et. al., individually** ) | |
| **and on behalf of others similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | **Case No. 3:11-cv-00565-NJR-RJD** |
| ) | |
| **v.** ) | |
| ) | |
| **STURM FOODS, INC., and** ) | |
| **TREEHOUSE FOODS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

### [PROPOSED] MEMORANDUM AND ORDER

**ROSENSTENGEL, U.S. District Court Judge:**

This litigation involves consolidated claims for consumers in eight states who purchased Defendants' Grove Square Coffee ("GSC") during the Class period. Plaintiffs alleged on behalf of the Class and subclasses that Defendants' packaging of its GSCs were misleading or tended to mislead a reasonable Keurig consumer acting under reasonable circumstances, thereby violating each of the eight state's consumer protection statute. Defendants have denied and continue to deny the claims and contentions of the Plaintiffs, deny that they are liable at all to the Class or subclasses, and deny that the Class and subclasses have suffered any harm or damage for which Defendants could be held responsible.

The Plaintiffs seek preliminary approval of a settlement of these claims against all Defendants (the "Settlement"). The terms of the Settlement are set out

in a Class Action Settlement Agreement dated October 10, 2019 (the "Settlement Agreement") executed by the parties and Plaintiffs' counsel.

The Court has considered the proposed Settlement and whether to authorize notice to members of the Class (including the sub-classes). Having reviewed the Settlement Agreement[1] and Plaintiffs' motion papers seeking preliminary approval of the Settlement, it is **ORDERED** as follows:

**Preliminary Findings Regarding Proposed Settlement**:   The Court preliminarily finds that:

A.    The proposed Settlement resulted from extensive arms-length negotiations;

B.    The Settlement was reached after eight years of vigorous litigation, including an appeal to the Seventh Circuit and an unsuccessful attempted interlocutory appeal; the parties engaged in extensive motion practice, including a motion to dismiss and motion for summary judgment, motions for class certification, motions to strike experts, as well as extensive trial preparation up to the eve of trial; after negotiations had continued over several years, including multiple in-person mediation sessions, with multiple skilled and experienced mediators;

---

[1] Capitalized terms used in this Order but not defined in this Order have the meanings assigned to them in the Settlement Agreement.

C.     Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

D.     There is cause to believe that the Settlement is fair, reasonable, and adequate and within the range of possible approval to warrant sending notice of the Settlement to the Settlement Class.

**Fairness Hearing**: A hearing is scheduled at the United States District Court for the Southern District of Illinois, Judge Nancy J. Rosenstengel presiding, at on          , 2019, (the "Fairness Hearing") to determine, among other issues:

A.     Whether final approval of the Settlement as embodied by the Settlement Agreement as fair, reasonable, and adequate should be granted;

B.     Whether the notice and notice methodology was performed as directed by this Court;

C.     Whether the motion for attorneys' fees and costs to be filed by Class Counsel 30 days before the deadline for objections to the proposed settlement are due should be approved, and in what amount;

D.     Whether the motion for compensation to Class Representatives should be approved and in what amount; and

E.     Whether the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Settlement Fund.

**Establishment of Qualified Settlement Fund:** A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *Suchanek v. Sturm* Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $25,000,000.00 (the "Gross Settlement Amount") and any interest earned thereon. The Settlement Fund shall be administered as follows:

A.     The Settlement Fund is established exclusively for the purposes of: (a) making distributions to eligible claimants pursuant to the claims process described in the Settlement Agreement; (b) making distributions to Class Representatives and Class Members as specified in the Settlement Agreement and ordered by the Court; (c) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (d) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court in this action; and (e) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the

Settlement Effective Date.

B.     Within the time periods set forth in the Settlement Agreement, Defendants shall cause the Gross Settlement Amount to be deposited into the Settlement Fund.

C.     Defendants shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants make a transfer to the Settlement Fund.

D.     Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid no later than the dates specified above; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

E.     The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement

Administrator are as defined by this Order.

      F.    The Gross Settlement Amount caused to be paid by Defendants into the Settlement Fund pursuant to the Settlement Agreement, and all income generated by that Amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Once the Settlement Fund vests it is irrevocable during its term and Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this Case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be disposed of as set forth in the Settlement Agreement.

      G.    The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

H.    The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not  expire until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

I.    The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Settlement Notice and its attachments.  In addition, all Class Representatives' Compensation, Administrative Expenses, and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

J.    The Court and the Settlement Administrator recognize that there may be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, pursuant to the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities

any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

K.    The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

L.    The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from class members pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

M.    The Settlement Administrator shall keep detailed and accurate

accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

N.   The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

O.   This Order will bind any successor Settlement Administrator.

The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any Defendant to make any further payment of any nature into the Settlement Fund or otherwise.

**Settlement Notice**: The Settling Parties have presented to the Court proposed Forms of Settlement Notice, which are appended hereto as Exhibits 1 and Exhibit 2.

A.    The Court finds that the proposed forms and the Settlement Website referenced in the Settlement Notice fairly and adequately:

          i.    Describe the terms and effect of the Settlement Agreement and of the Settlement;

          ii.    Notify the Class concerning the proposed Plan of Allocation;

          iii.    Notify the Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives and for Attorneys' Fees and Costs;

          iv.    Notify the Class that Administrative Expenses related

to the implementation of the Settlement will be paid from the Settlement Fund;

     v.  Post on the Settlement Website the time and location of the Fairness Hearing without additional mailed notice;

     vi.  Give notice to the Class of the time and place of the Fairness Hearing and describe how the recipients of the Settlement Notice may object to any of the relief requested.

    B.  The Settling Parties have proposed the manner of communicating the notice to members of the Class as set forth on Exhibits 1 and 2 hereto and as set forth in the Settlement Website, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall, within sixty (60) days of this Order, to cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be published in accordance with the Notice Plan submitted to the Court;

    C.  The Court directs Class Counsel, no later than 60 days before the Fairness Hearing, to cause the Settlement Notice to be published on the Settlement Website identified in the Settlement Notice.

    D.  The Court directs Class Counsel to file its motion for attorneys' fees and costs 30 days before the deadline for objections to the proposed settlement are due;

    E.  The Court Direct the Parties to file their Motion for Final

Approval of the Settlement Agreement at least 10 days before the Fairness Hearing;

**Objections to Settlement:** Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of Attorneys' Fees and Costs, or to any request for compensation for the Class Representatives must file an objection in the manner set out in this Order.

A member of the Settlement Class wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of Attorneys' Fees and Costs, or to any request for compensation for the Class Representatives must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

> Clerk of the Court
> United States District
> Courthouse 750 Missouri

Avenue
East St. Louis, IL 62201

Class Counsel
Peter H. Burke
Burke Harvey, LLC
2400 Freeman Mill Rd.
Suite 101-N
Greensboro, NC  27406-3912

Defense Counsel
Craig Fochler
John F. Zabriskie
Jonathan W. Garlough
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313

A.      For the objection to be considered by the Court, the objector or

his, her, or its counsel (if any) must serve of copies of the objection(s) on the

attorneys listed above and file it with the Court by no later than thirty (30) days

before the date of the Fairness Hearing.

B.      If an objector hires an attorney to represent him, her, or it for

the purposes of making such objection pursuant to this paragraph, the attorney

must serve a notice of appearance on the attorneys listed above and file it with

the Court by no later than thirty (30) days before the date of the Fairness Hearing.

C.      Failure to serve timely objections(s) on either the Court or

counsel for the parties shall constitute a waiver of the objection(s). Any Class

Member or other person who does not timely file and serve a written objection

complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

D.     The parties may, but are not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection and any responses to discovery or depositions must be completed within ten (10) days of the request being served on the objector.

E.     Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than five (5) days before the Fairness Hearing.

6     Appearance at Fairness Hearing: Any objector who files and serves a timely, written objection in accordance with the terms of this Order may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing. Any

objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

**Claim Form Deadline:** All valid claim forms must be received by the Settlement Administrator by __pm Central Standard time or _____.

**Service of Papers:** Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

**Termination of Settlement:** This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

**Use of Order:** This Order, the Settlement, the Settlement Agreement, and all negotiations, documents, and discussions associated with those, shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representatives or the Settlement Class that their claims lack merit, or that the relief requested in the action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver

by any party of any arguments, defenses, or claims he, she, or it may have.

**Continuance of Hearing:** The Court will not continue the Fairness Hearing without a showing of good cause. If the Court does find good cause to continue the Fairness Hearing, the Class shall be notified of the continuance by publication of the Court's order on the Settlement Website. No other notice shall be required.

IT IS SO ORDERED.

DATED: _____ , 2019

Nancy J. Rosenstengel
United States District Court Judge

# EXHIBIT

# "1"

<u>Legal Notice</u>

# If you purchased Grove Square Coffee, you could get $25-$275 from a class action settlement.



A settlement has been reached with Sturm Foods, Inc. and Treehouse Foods, Inc. ("Defendants") in a class action lawsuit about whether the advertising and labeling of Grove Square Coffee ("GSC") products for use in Keurig' brewing machines misled consumers into believing that GSC light, medium and dark roast coffee contained premium, ground coffee. Defendants deny any wrongdoing. The Court has not decided which side is right.

**Who is included?** You are included in the settlement as a "Class Member" if you purchased GSC products from a retail store in Alabama, California, Illinois, New Jersey, New York, North Carolina, South Carolina, or Tennessee any time from September 2010 through [DATE].

**What does the settlement provide?** Defendants have agreed to create a $25,000,000 Settlement Fund, which, after deducting attorneys' fees, costs and expenses, administrative expenses, and service awards, will be used to pay Class Members who submit valid Claim Forms.

Class Members who submit a valid Claim Form for purchases made in: (1) Alabama will receive up to $100 per Claim Form regardless of the number of GSC products purchased; (2) New York will receive up to $275 per Claim Form regardless of the number of GSC products purchased; and (3) California, Illinois, New Jersey, North Carolina, South Carolina, and Tennessee will receive $25 per GSC product purchased, for up to three purchases, for up to $75 per Claim Form. Payment amounts may be reduced on a proportionate basis, if needed, to pay all valid claims.

**How do I get a payment?** You must submit a valid Claim Form by [DATE]. Claim Forms may be submitted online at www. InstantCoffeeLawsuit.com or printed from the website and mailed to the address on the form. Claim Forms are also available by calling 1-XXX-XXX-XXXX.

**Your other options.** If you do nothing, you will not get a settlement payment. You may object to the settlement and notify the Court that you or your lawyer intend to appear at the Court's fairness hearing. Objections are due [DATE]. Unless you excluded yourself in 2016, you agreed to be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action, including the claims released by the Settlement Agreement, and you gave up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims made in this lawsuit. Complete information, including Settlement Agreement, is available at www. InstantCoffeeLawsuit.com.

**The Court's hearing.** The Court will hold a hearing in this case (*Suchanek v. Sturm Foods, Inc. et al.*, Case No. 3:11-cv-00565-NJR-RJD) at _:__ _.m. on [DATE] at the U.S. District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201. At the hearing, the Court will decide whether to approve the settlement; Class Counsel's request for attorneys' fees ($8,325,000) and costs and expenses ($____), and service awards to the Class Representatives ($25,000 for McManus and $10,000 each for the other eight). You or your lawyer may appear at the hearing at your own expense.

**1-XXX-XXX-XXXX**
**www.InstantCoffeeLawsuit.com**

# EXHIBIT

# "2"

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

# If you purchased Grove Square Coffee, you could get a $25-$275 payment from a class action settlement.

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- A $25 million settlement has been reached with Sturm Foods, Inc. and Treehouse Foods, Inc., ("Defendants") in a class action lawsuit about the advertising and labeling of Grove Square Coffee products for use in Keurig® brewing machines.

- The Defendants have agreed to settle the lawsuit and provide cash payments to customers who purchased qualifying Grove Square Coffee Products.

- You are included in this settlement as a Class Member if you purchased (1) Grove Square Coffee Light Roast, (2) Grove Square Coffee Medium Roast, or (3) Grove Square Coffee Dark Roast (together, "GSC products") in Alabama, California, Illinois, New Jersey, New York, North Carolina, South Carolina, or Tennessee any time from September 2010 through [DATE].

- Your rights are affected whether you act or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM**<br>**DEADLINE: MONTH XX, 2019** | This is the only way you can receive a payment from this settlement. |
| **OBJECT TO THE**<br>**SETTLEMENT**<br>**DEADLINE: MONTH XX, 2019** | You may object to the settlement or any part of it by writing to the Court about why you don't like the settlement. If you object, you may also file a claim for a cash payment. |
| **GO TO A HEARING**<br>**ON [DATE]** | You may object to the settlement and ask the Court for permission to speak at the Fairness Hearing about your objection. |
| **DO NOTHING** | You will not get a payment from this settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendants about the legal claims resolved by this settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .................................................................................................................. PAGE #
1. Why was this Notice issued?
2. What is this lawsuit about?
3. What is a class action?
4. Was there a previous Notice in this case?
5. Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** ................................................................................. PAGE #
6. How do I know whether I am part of the settlement?
7. Are there exceptions to being included?
8. What if I am still not sure whether I am part of the settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ......................................... PAGE #
9. What does the settlement provide?
10. How much will my payment be?

**HOW TO GET A SETTLEMENT PAYMENT—SUBMITTING A CLAIM FORM** .............................. PAGE #
11. How do I get a payment from the settlement?
12. When would I get my settlement payment?
13. What rights am I giving up to get a payment and stay in the Class?
14. What are the Released Claims?

**THE LAWYERS REPRESENTING YOU** ........................................................................................ PAGE #
15. Do I have a lawyer in this case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ........................................................................................... PAGE #
17. How do I tell the Court that I do not like the settlement?
18. May I come to Court to speak about my objection?

**THE COURT'S FAIRNESS HEARING** ......................................................................................... PAGE #
19. When and where will the Court decide whether to approve the settlement?
20. Do I have to come to the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................................. PAGE #
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................................... PAGE #
23. How do I get more information?

## BASIC INFORMATION

### 1. Why was this Notice issued?

A court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the settlement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Judge Nancy J. Rosenstengel of the United States District Court for the Southern District of Illinois is overseeing this class action. The case is known as *Suchanek v. Sturm Foods, Inc. et al.*, Case No. 3:11-cv-00565-NJR-RJD. The people that filed this lawsuit are called the "Plaintiffs" and the companies they sued, Sturm Foods, Inc. and Treehouse Foods, Inc., are called the "Defendants."

### 2. What is this lawsuit about?

This lawsuit is about the packaging, marketing and distribution of Grove Square Coffee ("GSC"). Plaintiffs allege that GSC, through its marketing and advertising of GSC, misled consumers into believing that Grove Square Coffee Light Roast, Grove Square Coffee Medium Roast, and Grove Square Coffee Dark Roast products for use in Keurig® brewing machines contained premium, ground coffee when the products actually consisted of more than 95% instant coffee. Plaintiffs argue the Defendants violated various state consumer protection and unjust enrichment laws. The Defendants deny and wrongdoing and deny all of the allegations made in the lawsuit.

### 3. What is a class action?

In a class action, one or more people called Class Representatives (in this case, Edna Avakian, Ben Capps, Charles Cardillo, Carol Carr, Deborah DiBenedetto, Paula Gladstone, Richard McManus, Carol Ritchie, and Linda Suchanek) sue on behalf of other people with similar claims. Together, the people included in the class action are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Was there a previous Notice in this case?

Yes, a Notice was issued in the fall of 2016. That Notice explained that the Court decided that the case could proceed as a class action. It also explained that unless you excluded yourself by September 16, 2016 you were agreeing to stay in the Class, be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action, and give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the subject matter of this lawsuit.

### 5. Why is there a settlement?

The Court did not decide in favor of the Class Representatives or the Defendants. Instead, all parties agreed to a settlement. This way, they avoid the cost and burden of a trial and the people affected can get benefits. The Class Representatives and their attorneys think the settlement is best for all Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT

### 6. How do I know whether I am part of the settlement?

The settlement includes all persons or consumers who purchased GSC products in Alabama, California, Illinois, New Jersey, New York, North Carolina, South Carolina, and Tennessee anytime from September 2010 through [DATE] in a retail store.

Below are images of some of the GSC products that are included in the settlement. You are a Class Member regardless of the quantity or box count of GSC products purchased.

  

### 7. Are there exceptions to being included?

Yes, you are <u>not</u> included in the settlement if you (a) purchased GSC products online, (b) purchased GSC primarily for resale, (c) are a retailer or reseller of GSC, (d) are a member of Defendants' Board or an executive level officer, including its attorneys; (d) are a governmental entity, including this Court, or (e) are a consumer that already received a refund from Defendants.

### 8. What if I am still not sure whether I am part of the settlement?

If you are not sure whether you are included, call 1-XXX-XXX-XXXX, go to www.InstantCoffeeLawsuit.com or write to one of the lawyers listed in Question 15 below.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 9. What does the settlement provide?

The Defendants have agreed to create a $25,000,000 Settlement Fund to settle the lawsuit. After deducting attorneys' fees and costs, administrative expenses, and Class Representative service awards, the "Net" Settlement Fund will be used to make payments to Class Members who submit valid Claim Forms.

### 10. How much will my payment be?

Payment amounts will vary based on the total number of GSC products purchased and the state in which the purchases were made. For example, Class Members who submit a valid Claim Form for purchases made in:

- **Alabama** will receive a maximum of $100 per Class Member regardless of the number of GSC products purchased;
- **New York** will receive a maximum of $275 per Class Member regardless of the number of GSC products purchased;
- **California, Illinois, New Jersey, North Carolina, South Carolina,** and **Tennessee** will receive a minimum of $25 per GSC product purchase, up to a maximum of three purchases, for a maximum total of $75 per Class Member.

Payment amounts may be reduced on a proportionate basis, if needed, to pay all valid claims. If, after making the additional payments described in the Settlement Agreement, money remains in the Net Settlement Fund it will be distributed as a *cy pres* payment at the direction of the Court.

## HOW TO GET A SETTLEMENT PAYMENT—SUBMITTING A CLAIM FORM

### 11. How do I get a payment from the settlement?

You must complete and submit a Claim Form by **[Month __, 2019]**. Claim Forms may be submitted online at www.InstantCoffeeLawsuit.com or printed from the website and submitted to the Claims Administrator at the address on the form. Claim Forms are also available by sending an email to info@InstantCoffeeLawsuit.com, calling 1-XXX-XXX-XXXX or by writing to the Settlement Administrator, *Suchanek v. Sturm Foods, Inc.* Settlement Administrator, P.O. Box _____, Louisville, KY _____-____.

### 12. When would I get my settlement payment?

The Court will hold a hearing on [Fairness Hearing date] to decide whether to grant final approval to the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible, only if and when the Court grants final approval to the settlement and after any appeals are resolved.

### 13. What rights am I giving up to get a payment and stay in the Class?

Unless you excluded yourself during the original Notice in 2016 you agreed to be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action and you gave up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the subject matter of this lawsuit.

If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against the Defendants and the Released Parties (see next question) about the legal issues resolved by this settlement. The rights you are giving up are called Released Claims.

## 14. What are the Released Claims?

If and when the settlement becomes final, Class Members will permanently release (a) Sturm Foods, Inc. and Treehouse Foods, Inc., (b) each Defendant's past, present and future parent corporations, (c) each Defendant's past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns and (d) with respect to (a) through (c) above, all of their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, administrators, service providers, subcontractors, officers, directors, partners, agents, managers, members, employees, independent contractors, representatives, attorneys, other persons serving in fiduciary functions, insurers, co-insurers, reinsurers, shareholders, accountants, auditors, advisors, consultants, trustees, associates, and all persons acting under, by, through, or in concert with any of them (the "Released Parties") from all any and all actual or potential claims, actions, demands, rights, obligations, causes of action, suits, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that exist as of the date of the Preliminary Order, that were asserted in the Class Action, or that arise out of any of the conduct alleged in any Complaint filed in this action, whether or not pleaded in the Second Amended Complaint, including without limitation any action or omission by any Defendant or any Released Party in connection with the production, distribution, marketing, or sale of Grove Square Coffee (the "Released Claims").

More details about the claims and parties you will be releasing are described in Sections 2.26 and 2.27 of the Settlement Agreement, available at www.InstantCoffeeLawsuit.com.

## THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in this case?

Yes. Judge Rosenstengel appointed Peter H. Burke and W. Todd Harvey of Burke Harvey, LLC, and Patrick C. Cooper and James Ward of Ward & Wilson to represent you and other Class Members as "Class Counsel." These law firm and lawyers are experienced in handling similar cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 16. How will the lawyers be paid?

Class Counsel will ask the Court for an award of attorneys' fees of up to $8,325,000 and litigation costs and expenses of up to $_____. They will also ask the Court to approve a $25,000 service award for Richard McManus and $10,000 service awards to each of the remaining Class Representatives. The Court may award less than these amounts. Any amounts awarded by the Court will be paid from the $25 million Settlement Fund prior to making payments to Class Members who submit valid Claim Forms.

## OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the settlement or any part of it.

## 17. How do I tell the Court that I do not like the settlement?

If you are a Class Member, you can object to the settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Your objection must be in writing and include: (1) the case name and number, *Suchanek v. Sturm Foods, Inc. et al.*, Case No. 3:11-cv-00565-NJR-RJD; (2) your name, address, and phone number; (3) the name, address, and telephone number of your attorney, if you are represented by counsel; (4) the reasons why you object to the settlement,

including any supporting documents; (5) a statement indicating whether the objection applies only to you, a specific subset of the class, or to the entire class; (6) a statement indicating whether you or your attorney intend to appear at the Court's Fairness Hearing; and (7) your signature. Mail your objection to all three addresses below postmarked on or before **[Month __, 2019]**.

| The Court | Class Counsel | Defense Counsel |
|---|---|---|
| United States District Court Southern District of Illinois 750 Missouri Avenue East St. Louis, IL 62201 | Peter H. Burke Burke Harvey, LLC 2400 Freeman Mill Rd. Suite 101-N Greensboro, NC 27406-3912 | Craig S. Fochler Foley & Lardner LLP 321 North Clark Street Suite 2800 Chicago, IL 60654-5313 |

### 18. May I come to Court to speak about my objection?

Yes. You or your attorney may speak at the Fairness Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intends to appear at the Fairness Hearing. Remember, your objection must be postmarked by **[Month __, 2019]** and sent to all three addresses in Question 17.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at __:__ __.m. on [date] at the United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. It will also consider whether to approve Class Counsel's request for an award of attorneys' fees, costs and expenses, as well as the Class Representative's service awards. If there are objections, the Court will consider them. Judge Rosenstengel will listen to people who have asked to speak at the hearing (*see* Question 20 above). After the hearing, the Court will decide whether to approve the settlement.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions Judge Rosenstengel may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. If you did not properly file an objection (*see* Question 17 above), you must file a notice of intention to appear with the Court and send a copy to Class Counsel and Defense Counsel. Your notice of intention to appear must be filed and postmarked on or before **[Month __, 2019]**.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you are Class Member and you do nothing, you will not receive a settlement payment.

## GETTING MORE INFORMATION

### 23. How do I get more information?

This Notice summarizes the proposed settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement, Claim Form, and other related documents are available at www.InstantCoffeeLawsuit.com. Additional information is also available by calling 1-XXX-XXX-XXXX or by writing to *Suchanek v. Sturm Foods, Inc.* Settlement Administrator, P.O. Box ____, Louisville, KY _____-____. Publicly-filed documents can also be obtained by visiting the Courthouse during business hours or accessing the Court's online docket via PACER.

**QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL-FREE OR VISIT WWW.INSTANTCOFFEELAWSUIT.COM**