IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA SUCHANEK, RICHARD MCMANUS, CAROL CARR, PAULA GLADSTONE, EDNA AVAKIAN, CHARLES CARDILLO, BEN CAPPS, DEBORAH DIBENDETTO, and CAROL J. RITCHIE, *on behalf of themselves and all others similarly situated*, | |
| **Plaintiffs,** | |
| v. | Case No. 11-CV-00565-NJR |
| STURM FOODS, INC., and TREEHOUSE FOODS, INC., | |
| **Defendants.** | |

# FINAL APPROVAL ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Final Approval of Class Settlement and a Motion for Attorney Fees, Reimbursement of Expenses and Case Contribution Awards for Class Representatives (Docs. 446, 459). For the reasons stated below, the Court grants the motions.

On November 7, 2019, the Court granted Plaintiffs' Motion for Preliminary Approval of Class Settlement (Doc. 439) and preliminarily approved the Settlement Agreement (Doc. 441). At 1:30 p.m. on April 21, 2020, the Court held a Final Fairness Hearing.[1] The Court has read and considered all submissions made in connection with

---

[1] Due to the ongoing novel corona virus pandemic and the lack of objections to the settlement agreement by the class members, the final fairness hearing was held via teleconference.

the Settlement Agreement, including statements and arguments made at the Final Fairness hearing.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d), including all members of the Class certified by Order dated November 3, 2015 (Doc. 247), and defined as follows:

   > All persons or consumers that during the Class Period, from September 2010, up through the date the case is certified and notice is disseminated, who purchased Defendants' Grove Square Coffee ("GSC") products in Alabama, California, Illinois, New Jersey, New York, North Carolina, South Carolina and Tennessee.

   > Excluded from the Class are: (a) Defendants' Board members or executive level officers, including its attorneys; (b) persons or entities who purchased the GSC primarily for resale; (c) retailers or resellers of the GSC; (d) governmental entities, including this Court; (e) any consumer that already received a refund from Defendants; and (f) any consumer who purchased GSC online.

2. No Class Members filed any objections to the Class Settlement.

3. The Court approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate as to the Plan and the Class. The Agreement was made in reasonable anticipation of liability, with consideration of the substantial additional costs, delays, and risks faced by all parties if litigation were to continue. The Settlement Agreement is a good compromised result for the Parties following good faith and lengthy arms-length negotiation between experienced and informed counsel well-versed in class actions. No objections were

made by Class Members; this fact also supports approval of the settlement. Further, this litigation has been ongoing for almost nine years. The process of approving the proposed settlement has been ongoing since May 2019, and the parties and the Court are aware of the magnitude of the case and the positions of the parties. At this stage, the Court and the parties possess ample information with which to evaluate the merits of the competing positions, and this fact also warrants approval of the Settlement Agreement. The Settlement Agreement (Doc. 439-1) is incorporated into and adopted as part of this Order, and the definition of words and terms it contains. The terms of this Court's Preliminary Approval Order (Doc. 441) are also incorporated by reference in this Order.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(2), the Settlement Notice constitutes the best notice practicable under the circumstances, and due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided to all persons entitled to receive such notice.

5. The Settlement Agreement satisfies the requirements of Federal Rule of Civil Procedure 23(e)(2) and Seventh Circuit precedent.

6. Each member of the Class and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of this Order shall have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the released Parties from all released claims, and (ii) barred from suing Defendants or the

released Parties in any action or proceeding alleging any of the released claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the released claims, whether or not such Class Members have executed and delivered Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorney Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

7. All applicable Class Action Fairness Act, 28 U.S.C. §§ 1711-1715 ("CAFA"), requirements have been satisfied.

8. KCC, the Settlement Administrator, shall have final authority to determine the amount to be allocated to each Class member pursuant to the Plan of Allocation approved by the Court.

9. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by any named Plaintiffs or the Class (and all sub-classes) in the action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the action or in any other action or proceeding,

except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and this Order.

10. Upon entry of this Order, the terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on the Settling Parties.

11. Without affecting finality of this Order, the Court retains exclusive jurisdiction to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, this Order, and the final Judgment.

12. This is a final and appealable Order and Judgment, and there is no just reason to delay enforcement or appeal.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Final Approval of the Class Settlement (Doc. 459) and **GRANTS** Plaintiffs' Motion for Attorney Fees (Doc. 446). This action and all released claims asserted in it are **DISMISSED with prejudice**. No other attorney fees or costs to any of the Parties will be awarded other than as provided for in the Settlement Agreement. The Settling Parties are **DIRECTED** to take the necessary steps to effectuate the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED:  April 21, 2020

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**