# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINDA SUCHANEK, et al., and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-cv-565-NJR-RJF |
| vs. | ) ) | Judge Nancy Rosenstengel |
| STURM FOODS, INC. and TREEHOUSE FOODS, INC. | ) ) ) ) | |
| Defendants. | ) | |

## SECOND DECLARATION OF PATRICK C. COOPER

I, Patrick C. Cooper, do hereby declare:

1. On November 17, 2015, the Court appointed as Co-Lead Class Counsel Patrick Cooper (Ward & Cooper) and Peter Burke (Burke Harvey)

2. Upon information and belief, in 2017, Allen Schreiber left Burke Harvey but remained affiliated with the firm.

3. Upon information and belief, in February 2019, Burke Harvey was acquired by the Crumbly Roberts firm.

4. In late November 2019, upon the agreement of Co-Lead Class Counsel, Mr. Cooper took the lead in researching and drafting the motion for

attorneys' fees. Mr. Cooper requested that each participating law firm and attorney provide a statement of hours, time sheets, expenses, and current hourly rates.

5. Crumley Roberts never provided time sheets. Nor did the Gori firm.

6. Messrs. Cooper and Burke had numerous and extensive discussions regarding the motion for attorneys' fees including, but not limited to, the appropriate hourly rate for different attorneys.

7. Mr. Burke knew that Mr. Cooper's hourly rate was appreciably higher than his. Mr. Burke never asked to see time sheets collected by Mr. Cooper or Mr. Cooper's. Mr. Burke never called into question any of the hours of anyone.

8. If *any* attorney had asked for the time sheets of any other attorney used in supporting this motion, that information would have been immediately provided – it is only fair to do so.

9. Mr. Burke did assist in preparing the fee motion though. Mr. Burke participated in researching and editing the memorandum in support of the motion. He provided information for inclusion in the declaration of Patrick Cooper. He helped edit the declaration of Patrick Coughlin, a prominent class action attorney who opined on the reasonableness of the attorneys' fee request, the lodestar and aggregate hours. And he assisted

in collecting the time sheets from attorneys and obtaining sworn declarations setting forth their lodestars.

10. On February 21, 2020 both Messrs. Cooper and Burke signed and filed Co-Lead Counsel's Motion for Attorneys' Fees. Both the Motion and supporting Memorandum explicitly referenced and relied upon the sworn declarations of Messrs. Cooper and Burke, as well as expert Patrick Coughlin, and the sworn declarations of all the other participating law firms.

11. Co-Lead Counsel's Motion requested $8,325,000, an award equal to somewhat less than one-third of the $25 million settlement fund. Co-counsel jointly represented to the Court that their request was reasonable under the lodestar method: "[a]lthough the Court is not required to evaluate Co-Lead Counsel's requested fee under the lodestar method, the request is reasonable on that basis as well." (Doc. 447, p. 2)

12. Section 5 of the Memorandum is entitled "The 33 1/3 Percent Fee Request is Also Reasonable Under a Lodestar Analysis." (*Id.*, p. 34) Co-Lead Class Counsel spent five pages demonstrating to the Court that it could reasonably rely on the lodestars presented in the supporting declarations. (*Id.*, pp. 34–39) Specifically, Messrs. Cooper and Burke represented to the Court that "if a lodestar analysis were conducted, a fee

award in this action equal to one-third of the common fund would be justified." (*Id.*, p. 34)

13. The Cooper Declaration in support of the Memorandum plainly and clearly set forth Ward & Cooper's lodestar of $3,153,500. (Doc. 448, ¶¶ 18-19) There, Mr. Cooper claimed 3,230 hours at an hourly rate of $875. (*Id.*, ¶ 67)  Kem Marks' hours were 595 with an hourly rate of $550. (*Id.*, ¶ 68) The Declaration also set forth the hours and lodestar of each participating law firm and attorney (including Burke Harvey) and highlighted the 9,511 total hours and the $6,302,536.25 total lodestar of all law firms. (*Id.*, ¶ 68)

14. In his own sworn declaration, Mr. Burke personally claimed 1920 hours at $675 hourly (Doc. 447, ¶ p. 35; Doc. 450, ¶ 43); Allen Schreiber, an attorney affiliated with his firm, posted 1,844 hours at $550 hourly in his sworn declaration (Doc. 451, ¶ 3). (*See also* Doc. 448, ¶ 72)

15. The declaration of Patrick Coughlin attested that the hourly rates of $875 for Mr. Cooper and $675 for Mr. Burke were reasonable. (Doc. 447, p. 35; Doc. 450, ¶ 43) Mr. Coughlin also analyzed the work and tasked performed in the case and determined that the hours spent by attorneys performing work, including Mr. Cooper, Mr. Burke and their respective firms -- as well as the aggregate of 9,511 hours spent litigating the case --

were reasonable.  (Doc. 450, ¶¶ 10-41, 46)  Mr. Coughlin concluded that the total lodestar of $6,302.536 was reasonable.  (*Id.*, ¶ 46)

16. Messrs. Cooper and Burke advocated in the Memorandum as follows: "the Court must apply a risk multiplier to compensate the attorneys for the risk of nonpayment in the event the litigation were unsuccessful." (Doc. 447, p. 36)  They explained that between 1993 and 2008, the multiplier for class actions in the Seventh Circuit was 1.85; from 2009 to 2013, the mean multiplier was 1.76.  (*Id.*, p. 37)  Co-Lead Counsel argued to the Court their request for just under one-third of the settlement amount as compensation was reasonable because that amount was supported and justified by a multiplier as low as 1.32, on the very low end.  (*Id.*)  1.32 times the lodestar of $6,302.536 equals $8,319.35.

17. Messrs. Cooper and Burke advocated to the Court that "a fee award of one-third of the common fund (here, $8,325,000) was demonstrably appropriate *whether calculated as a percentage of the common fund or as a lodestar*."  (*Id.*, p. 38 (emphasis added))

18. Mr. Burke never mentioned, suggested or otherwise communicated – whether in person, by phone, email or text -- to Mr. Cooper that Mr. Cooper's hours (or anyone else's hours) were inflated, that Mr. Cooper's hourly rate (or anyone else's) was inaccurate or unreasonable (including

specifically, that hourly rates for Mr. Cooper and Ms. Marks were too high or that Schreiber's were too low), or that Mr. Cooper's work in the case (or anyone else's) did not support the hours submitted to the Court, (in Cooper's case, 3,230). Nor did Mr. Burke ever communicate anything of the sort to the Court.

19. March 21, 2020 was the deadline for class members to object to Motion for Attorneys' Fees and/or to the proposed final settlement. No objections were filed.

20. On April 9, 2020, Messrs. Cooper and Burke signed and filed the Motion for Final Approval of the Settlement. The Motion and supporting papers referenced the Motion for Attorneys' Fees and the Declarations of Cooper, Burke, Coughlin as well as those of the other participating firms.

21. On April 21, 2020, the Court held the Fairness Hearing. The participants were Mr. Cooper; Mr. Burke and his colleague Dre Fleury; Todd Matthews of The Gori Firm; and Michael Maizes of Maizes & Maizes Law Firm. At the conclusion of the hearing, the Court stated that "*all of the factors here for approval have been met* and that in that order I will grant the Plaintiffs' Motion for Attorneys' Fees and for Final Approval of the Settlement." (Doc. 464 (emphasis added)) Neither Burke, Fleury nor

Matthews raised any issues regarding the hours or hourly rates making up the lodestar. Nor was any issued raised regarding the 1.32 multiplier.

22. Having certified to the facts of the attorneys' respective hours and rates and their reasonableness, as well as that of the lodestar, and having certified to the fact of the reasonable multiplier of 1.32, Mr. Burke tried to walk it all back as the parties began negotiating the apportionment of attorneys' fees. On May 11, 2020 Mr. Burke asked Mr. Cooper for the first time for his time sheets and those of Marks, Maizes and Rosenberg-Wohl. Mr. Cooper provided the requested time sheets the next day.

23. At first, Mr. Burke demanded a split based on undisclosed percentages to three groups – his group, The Gori Firm, and Ward & Cooper (which in his view included the law firms of Maizes & Maizes and Hersenshon Rosenberg-Wohl). Mr. Burke flatly stated that his sworn lodestar declaration and representation he had made regarding the reasonable multiplier were now irrelevant. The parties would simply pretend they had not obtained the Court's award of $8,325,000 *based upon these facts*.

24. Later Mr. Burke tacked to a new position – that apportionment could, in fact, be based on a lodestar calculation, but that he would challenge the hours and rates attested to in the sworn lodestar declarations to come up with a different one.

25. On September 9, 2020, Mr. Burke flip-flopped again. In his Request for Appointment of Special Master and Opposition to Judicial Estoppel Argument, he reverted back to a percentage-based apportionment, but says he will also contest the hours and hourly rates contained in the lodestar declarations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of September, 2020.

                                              */s/ Patrick C. Cooper*
                                              Patrick C. Cooper
                                              Co-Lead Class Counsel